**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 9 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Stanley Blane Doremus, | ) | Case No. 12-33663 |
| | ) | |
| Debtor(s). | ) | Chapter 7 |
| | ) | |
| Stanley Blane Doremus, | ) | Adv. Pro. No. 12-3152 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Student Loan Servicing Center, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

### ORDER OF DISMISSAL

The court entered an order on December 17, 2012, [Doc. # 22], scheduling a hearing for January 9, 2013, at which Plaintiff Stanley Blane Doremus was afforded the opportunity to show cause why this adversary proceeding should not be dismissed. The record shows that the order was duly and properly served on Plaintiff. The background of the case leading to the show cause hearing is as follows.

This case was re-scheduled for December 6, 2012, at 2:30 p.m. on the initial pretrial scheduling conference on Plaintiff's/Debtor's Amended Complaint seeking a determination that student loan debt is dischargeable in his underlying Chapter 7 case, [Doc. #6]. ("Complaint"). The Complaint was filed on August 27, 2012. The December 6, 2012, pretrial conference date was set in a court order granting a motion of Plaintiff's to continue the original pretrial conference. Plaintiff was the Debtor in the underlying Chapter 7 case. Plaintiff represented himself with respect to both the underlying Chapter 7 case and his Complaint herein. The new date and time for the pretrial conference was the same as the date and time set for matters in the Chapter 7 case, including a hearing on the Chapter 7 Trustee's motion to dismiss. The hearing went forward on the motion to dismiss, which was granted, leading to dismissal of Plaintiff's underlying Chapter 7 case by order entered on December 11, 2012.

Plaintiff did not appear at the pretrial conference after having communicated extensively with court personnel by telephone about the conditions of his appearance (that he be permitted to bring a recording device into the courthouse and courtroom, which was not allowed) and stating that he would not appear unless he would be permitted to bring his recording device into the courthouse.

There was also no appearance at the pretrial conference on behalf of any purported Defendant. However, the identity of the Defendant appears to be the United States Department of Education and the docket shows that it has not been properly and effectively served with the alias summons and the Complaint. The docket shows that Plaintiff served the alias summons and amended Complaint on the Defendant United States Department of Education, Direct Loan Payment Center, P.O. Box 530260, Atlanta, GA 30353-0260 on October 9, 2012, by first class United States mail postage prepaid. In reviewing the docket and record before the court, the court finds that service of process on Defendant United States Department of Education has not been properly perfected in the manner required by the

Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7004(i). This issue would have been addressed with Plaintiff had he chosen to appear at the pretrial conference.

This background caused the court to schedule *sua sponte*, 11 U.S.C. § 105(a), the hearing to show cause why the Complaint and this adversary proceeding should not also be dismissed. Specifically, Plaintiff was directed to appear and show cause why this adversary proceeding should not be dismissed, without prejudice, because of the following reasons: (1) the Complaint is moot because the underlying Chapter 7 case has now been dismissed and Plaintiff is thus not entitled to a discharge of any debt; (2) want of prosecution due to Plaintiff's failure to appear at the initial pretrial conference, *see* Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16(f)(1) ; and (3) failure to serve any Defendant with process in accordance with the applicable rules of procedure, including by the time of the show cause hearing within the time limits of Rule 4(m) of the Federal Rules of Civil Procedure as incorporated in this action by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure.

The court held the show cause hearing on January 9, 2013. There was no appearance by or on behalf of Plaintiff. Nor was there any appearance by or on behalf of any Defendant. Cause not having been shown as directed in the court's December 17, 2012, order, the Complaint and this adversary proceeding will be dismissed. As no Defendant was properly served or appeared, and there is nothing on the record showing that the adversary proceeding was commenced for an improper purpose, the dismissal is without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint and this adversary proceeding are hereby **DISMISSED**, without prejudice.

###